## HULDAH DALTON *versus* ASA DALTON, AND HAYES & al., *Trustees*.

If an executor, for a note belonging to °the estate of the testator, take a new one payable to himself, which, he collects by a suit in his own name, the funds never having been mingled with other property, but remain in the hands of the attorney collecting them; he will be entitled to the same in his capacity of executor, although the attorney has been summoned as his trustee, in a suit by one of his creditors.

EXCEPTIONS from the ruling of RICE, J.

This was a TRUSTEE PROCESS. The supposed trustees disclosed that, prior to the service of the plaintiff's writ on them, the said Asa Dalton left with them for collection a note against Joseph Hobson, jr., payable to said Asa, on which the said Hobson paid to said trustees $362,77, which was in their hands at the time of said service, subject to the order of the said Asa. That, since said service, they had been notified by said Asa Dalton, that the said sum so collected by them of Hobson belonged at the time of its collection and still belonged to the estate of Benjamin Dalton, deceased, and that he, the said Asa, claimed the same as the executor of the said Benjamin.

Thereupon the said Asa made written application to the Court, setting forth said claim, and praying to be allowed to become a party, as executor aforesaid, to prosecute his alleged claim to said fund, and was admitted to become a party for that purpose, and thereupon filed his allegations of said claim; and the plaintiff in this suit answered in writing thereto, by way of plea, that, at the time of service of said writ on said trustees, the said fund was not the property of the said Asa as executor, nor of the said Benjamin's estate, but was the property of the said Asa Dalton in his own right, and tendered an issue to the country, which issue was joined, by said executor.

It was proved and admitted, that, on April 1, 1851, the said Hobson gave his note to the said Benjamin Dalton, then living, for $247,78, in six months and interest.

Dalton *v.* Dalton.

The said Benjamin died prior to 1856, leaving a large estate, some sixty thousand dollars, as stated by one of the executor's witnesses. The last will of said Benjamin was proved in 1856, and the said Asa was appointed his executor. On the 1st day of November, 1857, the said Asa called on said Hobson for payment of said note to Benjamin, that being the day he was first informed of its existence. Hobson replied that it was not convenient for him to pay at that time, but he would renew it. That Hobson then figured up the interest and made a new note for the amount, with a surety, payable to Asa Dalton, which said Dalton received, and surrendered the old note to Hobson.

The said Asa Dalton, on calling for payment of said note, said to Hobson that he wanted the money to buy a house with.

The note so taken by said Asa from Hobson on Nov. 1, 1857, was afterwards left by said Asa with said Hayes & Nye, the trustees, for collection, and they entered the same on their register of demands, as the property of Asa Dalton. And, in 1858, brought a suit on said note in the name of Asa Dalton, (not as executor,) which suit was afterwards settled by said Hobson, and the said Hayes & Nye received thereon the sum by them disclosed. No copy of the inventory of said Benjamin's estate, nor any evidence of the state of said Asa's accounts as executor, either by records or copies of records of Probate Court, or otherwise, was produced in evidence.

The plaintiff in the action, on trial of said issue, contended that the said Asa, by giving up to Hobson the said note to Benjamin, and taking therefor a note to himself, in his own name, and not as executor, and by bringing an action thereon in his own name, (not as executor,) and by said note being so left with and entered by Hayes & Nye on their register, (not as executor of Benjamin,) and the receipt of the proceeds thereof by them as aforesaid, the said sum in the hands of said trustees had become, and was, the property of the said Asa Dalton, in his own right.

But the Court instructed the jury that the said note or fund did not thereby, as matter of law, become the property of said Asa, by the said giving up of said old note to Hobson, and taking said note of November 1st in his, the said Asa's own name, and bringing suit upon the same in his own name, and the said entry by his attorneys, and said leaving said note with them, and said payment to them by Hobson; nor by any nor all of said facts. That, if there were ear marks upon the property or fund, by which it could be traced back to Benjamin Dalton's estate, if the surrender by said Asa of a note payable to said Benjamin was the consideration of said note of Hobson to Asa, and the proceeds could be traced to the present funds in the supposed trustees, the property would not be changed from Benjamin's estate, and vested in said Asa, in his own right, as matter of law, by said facts, and acts of Asa. The verdict was, that the fund belonged to Benjamin Dalton's estate.

After the verdict the Court ordered the trustees to be discharged. The plaintiff excepted.

*Chisholm*, in support of the exceptions.

*I. T. Drew*, contra.

The opinion of the Court was drawn up by

DAVIS, J.—This case was before the Court in 1860, and was sent back in order to have the question tried by a jury, whether the funds belonged to the principal defendant, in his own right, or to the estate of which he had the charge as executor. Although we expressed no opinion as to the *fact*, if the taking a new note was *conclusive*, it was useless to send the case to a jury trial.

The title to all property is presumed to be in some person, known or unknown. So that, upon the death of any person, the title to his real estate vests immediately in his heirs, and that of his personal estate in his executors or administrators. But the executor, unlike the heir, has the title *in trust*, only. He is only responsible *as trustee*. He

may sell it; but it cannot be taken by his creditors. For the trust attaches to it, wherever it may be, until the executor has sold it, or accounted for it to the estate, at the appraised value. R. S., c. 64, § 44.

Nor do the debts due the testator become his. Like the other personal estate, they are under his control. He may release or discharge them. And, in case of any malfeasance, he is liable for waste. If he should allow a note due the estate to be renewed, he must take the new note payable to himself. If, in any such case, he would be estopped from denying payment to himself, such a rule would be applied only for the benefit of the estate, *against the executor.* No case can be found in which the executor, or any private creditor of his, has had the benefit of any such rule, to divert funds *from the estate.* That would be permitting the executor to take advantage of his own wrong.

In the case of *Coburn* v. *Ansart & Trustee*, 3 Mass., 319, the note collected was payable to Ansart *as executor.* This was the only fact disclosed; and the attorney was charged as trustee. There was no evidence whatever that the funds belonged to the estate; there was no claim by the executor, as such; and this must have been the ground of the decision.

In the case at bar, though the executor took a new note payable to himself, which has been collected by a suit at law, the funds have never been mingled with other property, but they are now in the hands of the attorneys, for the benefit of whatever party is entitled to them. "Property covered by a trust," says MERRICK, J., in *LeBreton* v. *Pierce*, 2 Allen, 8, "may always be reclaimed, wherever it may be found; and no change of its form, state, or condition, can relieve it from, or divest it of the trust. It is of no consequence into what form, different from the original, the change may have wrought it, — whether it be that of goods, chattels, notes, stock, or coin; for the product, as a substitute for the original thing, still follows the nature of the thing itself, so long as it can be ascertained to be such."

There is an exception to this rule, in favor of *bona fide* purchasers, for value, without notice of the trust. But the exception does not apply to the case before us. The instructions given to the jury were in accordance with these principles; and the exceptions must be overruled.

RICE, CUTTING, GOODENOW and WALTON, JJ., concurred.